1
2
3
4
5
6
7

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11    NOVELTY TEXTILE, INC., a California Corporation, | Case No.: |
| 12 | |
| 13    Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
| 14    vs. | 1. COPYRIGHT INFRINGEMENT; |
| 15 | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| 16    AMAZON.COM, INC., a Delaware corporation; WALMART INC., a | |
| 17    Delaware corporation; LA DESIGNER CLOTHING d/b/a "Isaac Liev," a | Jury Trial Demanded |

11  NOVELTY TEXTILE, INC., a California
12  Corporation,
13       Plaintiff,
14  vs.
15
16  AMAZON.COM, INC., a Delaware
17  corporation; WALMART INC., a
18  Delaware corporation; LA DESIGNER
    CLOTHING d/b/a "Isaac Liev," a
19  California Corporation; FRESHLOOK
20  LLC, a California limited liability
    company; POWER ZXZ LLC, a Colorado
21  limited liability company; TRANSFORM
    SR BRANDS LLC, individually and d/b/a
22  "Sears" and "Kmart," a Delaware limited
23  liability company; HANG SANG
    ACCESSORIES LLC d/b/a "Unomatch
24  Shop," a New Jersey limited liability
    company; FREE STREET MARKETING
25  LLC d/b/a "NiceHiney.com," a Maine
26  limited liability company;
    SPORTSONGOING.COM, a business
27  entity of unknown form; LUCKY

28

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1.  COPYRIGHT INFRINGEMENT;

2.  VICARIOUS AND/OR
    CONTRIBUTORY COPYRIGHT
    INFRINGEMENT

<u>Jury Trial Demanded</u>

- 1 -

COMPLAINT

1
2
3
4

GLOBAL INC. d/b/a "Luck Global Shop," a California corporation; YUAN CHENG GLOBAL INC, a California corporation; and DOES 1 through 10,

Defendants.

5   Plaintiff NOVELTY TEXTILE, INC. ("NOVELTY") by and through its

6 undersigned attorneys, hereby prays to this honorable Court for relief based on the

7 following:

8

9   **JURISDICTION AND VENUE**

10   1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101

11 *et seq*.

12   2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and

13 1338 (a) and (b).

14   3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and

15 1400(a) in that this is the judicial district in which a substantial part of the acts and

16 omissions giving rise to the claims occurred.

17   **PARTIES**

18   4.  Plaintiff NOVELTY is a corporation organized and existing under the laws

19 of the State of California.

20   5.  Plaintiff is informed and believes and thereon alleges that Defendant

21 AMAZON.COM, INC. ("Amazon") a Delaware corporation doing business in and

22 with the State of California and this District.

23   6.  Plaintiff is informed and believes and thereon alleges that Defendant

24 WALMART INC. ("Walmart") is a Delaware corporation doing business in and

25 with the State of California and this District.

26   7.  Plaintiff is informed and believes and thereon alleges that Defendant LA

27 DESIGNER CLOTHING, doing business as "Isaac Liev", (collectively, "Isaac

28

COMPLAINT

Liev") is a California corporation with its principal place of business located at 3133 East 12th Street, Los Angeles, CA 90023.

8. Plaintiff is informed and believes that FRESHLOOK LLC ("Freshlook") is a California limited liability company with its principal place of business located at 4441 Baldwin Avenue, Suite D, El Monte, CA 91731.

9. Plaintiff is informed and believes and thereon alleges that Defendant POWER ZXZ LLC ("Power ZXZ") is a Colorado limited liability company doing business in and with the State of California and this District.

10. Plaintiff is informed and believes and thereon alleges that Defendant TRANSFORM SR BRANDS LLC, individually and doing business as "Sears" and "Kmart" (collectively "SR Brands") is a Delaware limited liability company doing business in and with the State of California and this District.

11. Plaintiff is informed and believes and thereon alleges that Defendant HANG SANG ACCESSORIES LLC, individually and doing business as "Unomatch Shop" (collectively, "Unomatch") is a New Jersey limited liability company doing business in and with the State of California and this District.

12. Plaintiff is informed and believes and thereon alleges that Defendant FREE STREET MARKETING LLC, doing business as "NiceHiney.com" (collectively "NiceHiney") is a Maine limited liability company doing business in and with the State of California and this District.

13. Plaintiff is informed and believes and thereon alleges that Defendant SPORTSONGOING.COM ("SportsOngoing") is a business entity of unknown form doing business in and with the State of California and this District.

14. Plaintiff is informed and believes and thereon alleges that Defendant LUCKY GLOBAL INC., doing business as "Luck Global Shop" (collectively "Lucky Global"), is a California corporation with its principal place of business located at 17008 Evergreen Place, Suite D, City of Industry, CA 93013.

15. Plaintiff is informed and believes and thereon alleges that Defendant YUAN CHENG GLOBAL INC ("Yuan Cheng") is a California corporation with its principal place of business located at 2222 Lee Avenue, South El Monte, CA 91733.

16. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-4, inclusive, are manufacturers, and/or vendors (and/or agent or employee of manufacturers or vendors) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

17. Defendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein, including but not limited to retail stores and others who have sold the garments at issue in this case. The true names, whether corporate, individual or otherwise, of Defendants 5 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

18. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and

adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN 2271

19.  Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. Plaintiff allocated the Design 2271 (hereinafter "Subject Design").

20. The Subject Design is an original creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times, was owned exclusively by Plaintiff.

21. Plaintiff holds a United States Copyright Registration covering the Subject Design and is allocated Registration Number VA 1-799-521.

22. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Amazon, Walmart, Isaac Liev, Freshlook, Power ZXZ, SR Brands, Unomatch, NiceHiney, SportsOngoing, Lucky Global, Yuang Cheng, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, and distributed garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design (hereinafter "Infringing Product") without Plaintiff's authorization. Such Accused Product includes, but is not limited to, the following product:

///

COMPLAINT

1

2

a)  garments allocated Item No. 505871323 and sold by Walmart and Power ZXZ under the label "ZXZY" ("Infringing Product A"):

| Subject Design: | Infringing Product A (505871323): |
|---|---|
|  |  |
| Detail | Detail |
|  |  |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

b)   garments allocated Item No. 624971923 and sold by Amazon, Walmart,

Freshlook, and Isaac Liev ("Infringing Product B"):

| Subject Design: | Infringing Product B (624971923): |
|---|---|
|  |  |
| Detail | Detail |
|  |  |

c) garments allocated Item No. SY1012 and sold by SR Brands and Unomatch under the label "ZXZY" ("Infringing Product C"):

| Subject Design: | Infringing Product C (SY1012): |
|---|---|
|  |  |
| Detail | Detail |
|  |  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

d)  garments allocated, *inter alia*, Item No. E83001032 and sold by Amazon, Walmart, NiceHiney, SportsOngoing, Lucky Global, and Yuan Cheng ("Infringing Product D"):

| Subject Design: | Infringing Product D (E83001032): |
|---|---|
|  |  |
| Detail | Detail |
|  |  |

COMPLAINT

23. The comparisons of the Subject Design and Infringing Product depicted above make it apparent that the composition, layout, and arrangement of the design, and all elements therein, are strikingly similar and nearly identical.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

24. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

26. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by

producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

28. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

29. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

32. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

COMPLAINT

33. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

35. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

36. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

COMPLAINT

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

#### With Respect to Each Claim for Relief

a.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

c.  That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

g.  That Plaintiff be awarded the costs of this action; and

h.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

COMPLAINT

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 30, 2021                    By: */s/ Scott Alan Burroughs*
                                         Scott Alan Burroughs, Esq.
                                         Trevor W. Barrett, Esq.
                                         DONIGER / BURROUGHS
                                         Attorneys for Plaintiff

- 14 -
COMPLAINT